IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY T. MAEHR, | ) | CASE NO. 8:08CV190 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Dismiss Petitioner's Amended Motion to Quash. (Filing No. 24.) As set forth below, the Motion to Dismiss is granted.

### BACKGROUND

Petitioner Jeffrey T. Maehr ("Maehr") filed his Petition (Motion) to Quash IRS Summons on April 25, 2008. (Filing No. 1.) After resolving Maehr's objections relating to the filing fee, he filed his Amended Motion to Quash on December 29, 2008. (Filing No. 17.) In his Amended Motion, Maehr consolidates three separate actions,[1] and seeks to quash three separate summonses issued by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7602(a). (*Id.*) The summonses were issued to Bank of the West and Commercial Federal Bank (now Bank of the West), requesting that they produce records relating to the income and potential tax liability of Maehr and entities controlled by Maehr. (Filing No. 26.)

---

[1]This matter consolidates the claims contained in 8:08CV213, 8:08CV214, and this action. (Filing No. 18.)

On March 25, 2009, the United States filed its Motion to Dismiss.[2] (Filing No. 24.) In support of its Motion to Dismiss, the United States filed a Brief, Declaration, and Reply Brief. (Filing Nos. 25, 26, and 28.) In response to the Motion to Dismiss, Maehr filed a Motion for Denial of the Motion to Dismiss and a Response. (Filing Nos. 27 and 29.)

## *ANALYSIS*

In support of its Motion to Dismiss, the United States argues that the summonses were properly issued in accordance with *United States v. Powell*, 379 U.S. 48, 57-58 (1964). (Filing No. 25.) The court agrees and need not reach the United States' remaining argument regarding improper service of process.

**A. Standard of Review**

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). "Factual allegations must be enough to raise a right

---

[2]Maehr named the Internal Revenue Service as the Respondent in this matter. As noted by Respondent, the proper party is the United States as the relief sought by Maehr, an order quashing the Internal Revenue Service summonses served on Bank of the West and Commercial Federal Bank (now Bank of the West), is in fact relief sought against the United States. *DeLeeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Therefore, the court will refer to the proper party–the United States–and will direct the Clerk of the court to update the docket sheet in accordance with this Memorandum and Order.

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnotes omitted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

  **B.** **The United States' Motion to Dismiss**

The pending Motion to Dismiss relates to whether the United States has met the criteria for issuing the three summonses, initially articulated in *Powell*, 379 U.S. at 57-58 and subsequently affirmed in numerous decisions. *See, e.g., Schulz v. U.S.*, 240 F. App'x 167, 167 (8th Cir. 2007) (citing the *Powell* standard); *United States v. Norwood*, 420 F.3d 888, 891 (8th Cir. 2005); *Robert v. U.S.*, 364 F.3d 988, 995 (8th Cir. 2004). The court finds that the issued summonses meet the standard.

In order to encourage effective tax investigations, "Congress has endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The primary tool for gathering information is the authority of the IRS to issue administrative summonses pursuant to 26 U.S.C. § 7602. That section authorizes the issuance of a summons to any person or entity for document(s) that may be relevant to a tax investigation. (*Id.*) This investigative authority does not depend on probable cause to suspect a violation of the revenue laws but may simply amount to a "fishing expedition" by the IRS. *Powell*, 379 U.S. 48, 53-56; *United States v. Giordano*, 419 F.2d 564, 568 (8th Cir. 1969) ("Taxpayer in his brief characterized the Government's efforts as a 'fishing

3

expedition.' If so, the Secretary or his delegate has been specifically licensed to fish by § 7602."). Stated another way, the IRS may investigate on mere suspicion that the law is being violated or just because it wants assurance that it is not. *Powell*, 379 U.S. at 57.

Further, under *Powell*, a summons issued under 26 U.S.C. § 7602 is legitimate where it was:

> [C]onducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed-in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id.*; *see also United States v. John G. Mutschler & Assocs., Inc.*, 734 F.2d 363, 367 (8th Cir. 1984) (holding that a summons should be enforced if the IRS is able to make out a "prima facie case of good faith adherence to the *Powell* factors").

Here, the United States has filed the Declaration of William R. Sothen ("Sothen"), Revenue Agent, who is investigating "the federal income tax liabilities of" Maehr. (Filing No. 26 at CM/ECF p. 1.) In his Declaration, Sothen states that the records requested by the IRS from Bank of the West and Commercial Federal Bank (now Bank of the West) are not already in the possession of the IRS and are necessary to determine the "source and amount of income received by Jeffrey T. Maehr" during the relevant period. (*Id.* at CM/ECF p. 3-4). Sothen also certifies that he sent the summonses to Bank of the West and Commercial Federal Bank (now Bank of the West) in accordance with 26 U.S.C. § 7602, that he provided a copy to Maehr of each summons by certified mail, and that he took "[a]ll administrative steps required by the Internal Revenue Code for the issuance of the summonses." (*Id.* at CM/ECF p. 3.)

4

Maehr does not contest the substance of Sothen's Declaration, or the relevancy of the information being requested by the IRS. Instead Maehr asserts various "tax protestor" arguments concerning the validity of the federal income tax. Such arguments are without merit and the court will not waste time addressing these frivolous claims. *Denison v. Commissioner*, 751 F.2d 241, 242-43 (8th Cir. 1984) (per curiam) ("But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes."); *see also Lively v. Commissioner*, 705 F.2d 1017 (8th Cir. 1983) (per curiam) (rejecting the argument that the federal income tax is an unconstitutional direct tax that must be apportioned).

Liberally construed, Maehr questions the ability of the Bank of the West employees to present "data related to the tax liability or the collection of tax liability" and states broadly that "[n]o legitimate purpose has been stated in the Summons that has bearing (sic) on petitioners." (Filing Nos. 19 at CM/ECF p. 6-7; 17 at CM/ECF p. 12.) However, the basis for all of Maehr's arguments is his supposed status as a "non-taxpayer." (*Id*.) Indeed, Maehr does not contest that he, at relevant periods, maintained accounts with Bank of the West and Commercial Federal Bank (now Bank of the West), nor does he point the court to anything refuting Sothen's Declaration or supporting his broad assertions that the summonses are illegitimate. As such, Maehr has not carried his burden under *Powell*. The court therefore finds that the three summonses issued to Bank of the West and Commercial Federal Bank (now Bank of the West) were properly issued pursuant to 26 U.S.C. § 7602, comply with *Powell*, and are valid and enforceable.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court is directed to update the court's records in accordance with this Memorandum and Order. Specifically, the United States of America shall be substituted for the Internal Revenue Service, and is the only Defendant;

2. The United States' Motion to Dismiss (Filing No. 24) is granted and the Internal Revenue Service may proceed with enforcement of the summonses previously issued to Bank of the West and Commercial Federal Bank (now Bank of the West);

3. Maehr's Amended Petition to Quash (Filing No. 17) is denied and this matter is dismissed with prejudice;

4. A separate judgment will be entered in accordance with this Memorandum and Order; and

5. All other pending motions are denied.

DATED this 13th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.